# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **CLEMENT MORRIS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **19-10730-IT** |
| | ) | |
| **DR. MCGAHEE, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons set forth below, the court allows Plaintiff's Application to Proceed Without Prepayment of Fees [#2] but finds that Plaintiff's Complaint [#1] fails to show that this court has subject matter jurisdiction and fails to state a claim upon which relief may be granted. If Plaintiff wishes to proceed with this action, he must file an amended complaint setting forth a basis for this court's subject matter jurisdiction and a plausible claim upon which relief may be granted.

### I.      Background

On April 16, 2019, Clement Morris ("Morris"), a resident of South Boston, Massachusetts, filed a *pro se* complaint accompanied by an Application to Proceed Without Prepayment of Fees. Morris seeks damages in the amount of $75,000 and names as defendants one doctor and one nurse at the Massachusetts Mental Health Center, one current member and one former member of the Massachusetts House of Representatives, and the Boston Medical Emergency Department. *Id.* For the statement of the claim, plaintiff writes: "negligent homicide, police headquarters in Roxbury, denied civil right by saying sorry or he is crazy." *Id.* at ¶ III

(statement of claim). Plaintiff also states "implied hate crime by calling [plaintiff an expletive]. *Id.* at ¶ IV (relief).

## II.     Motion for Leave to Proceed In Forma Pauperis

After review of Morris' motion for leave to proceed *in forma pauperis*, the court concludes that Morris is without assets to pay the filing fee and ALLOWS the motion.

## III.    Screening of the Complaint

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Consequently, a plaintiff who seeks to bring his suit in a federal forum bears the burden of establishing that the federal court has subject-matter jurisdiction. *See Gordo-González v. United States*, 873 F.3d 32, 35 (1st Cir. 2017).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the court liberally construes Morris' complaint because Morris is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## IV.    Discussion

Plaintiff asserts that the basis for this court's jurisdiction as 28 U.S.C. § 1332 (diversity of citizenship). *See* Complaint ("Compl."), Docket No. 1. A federal court has subject matter jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Here, there does not appear to be any basis for diversity jurisdiction under 28 U.S.C. § 1332 because the Complaint alleges that Plaintiff and the

Defendants are all citizens of Massachusetts. In addition, while Plaintiff claims $75,000 in controversy, he gives no explanation of that claimed amount

A federal court also has subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Although the civil cover sheet accompanying the Complaint indicates that this action is brought pursuant to the Americans With Disabilities Act, the Complaint includes no facts to support a claim under that Act. Indeed, the court is unable to discern from the Complaint precisely who Morris alleges is liable for what alleged misconduct.

If Morris wishes to pursue this action, Morris must file an amended complaint that clearly identifies what each defendant did wrong and the legal claim against each party. Morris must also identify a basis for this court's subject matter jurisdiction. As an amended complaint completely supercedes the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Morris should include in the amended complaint anything from the original complaint that he wishes to be part of the amended complaint.

## V.    Order

Based upon the foregoing, it is it is hereby ORDERED that

1.    The Application to Proceed Without Prepayment of Fees [#2] is granted.

2.    If Morris wishes to pursue this action, Morris must, within 28 days of the date of this Memorandum and Order, file an amended complaint. Failure to do so will result in dismissal of this action without prejudice.

**So ordered.**

 /s/ Indira Talwani
Indira Talwani
United States District Judge

Dated: July 3, 2019